FILED

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

2016 FEB 18  PM 2: 38

**KENNETH ALSTON,**

    **Plaintiff,**

    **CASE NO.**

vs.

6:16-CV-284-OR2-18TBS

**FIRST NATIONAL
COLLECTION BUREAU, INC,**

    **Defendant.**

_____/

## COMPLAINT

Plaintiff, Kenneth Alston ("Plaintiff"), by and through the undersigned counsel, files this lawsuit against Defendant First National Collection Bureau, Inc. ("Defendant"), and alleges the following.

1.    This is an action for damages arising from Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA").

### PARTIES

2.    Plaintiff is an individual residing in Orlando, Florida.   Plaintiff is a "consumer" under 15 U.S.C. § 1692a(3).

3.    Defendant is a business with a principal place of business in Nevada, and regularly performs debt collection in Florida, including its dealings with Plaintiff in Orlando, Florida, and is a "debt collector" under 15 U.S.C. § 1692a(6).

### JURISDICTION AND VENUE

4.    This Court has federal question jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331 because the claims alleged against the Defendant arose under the FDCPA.

5.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), because the acts giving rise to this action occurred in this District.

## STATEMENT OF FACTUAL ALLEGATIONS

6.     Plaintiff allegedly incurred a credit card debt associated from First Premier Bank. The subject debt is considered a "consumer debt" under the FDCPA, as such debt constitutes an alleged obligation for the payment of money arising out of a transaction in which the money and/or services which were the subject of the transaction were primarily for Plaintiff's personal, family, or household purposes.

7.     At some point after Plaintiff allegedly incurred and defaulted on the subject debt, the subject debt was assigned, acquired by or consigned to Defendant for purposes of collection.

8.     On or around June 12, 2015, Defendant sent Plaintiff a debt collection letter in an attempt to collect the subject debt ("June Letter"). The June Letter is attached as Exhibit A.

9.     The June Letter is a "communication" pursuant to the FDCPA 15 U.S.C. § 1692(a)(2).

10.     The June Letter stated "Our client FIRST PREMIER BANK is offering you a settlement of $191.85 in 3 payments over 3 months starting on 07/10/15. (emphasis added).

11.     The June Letter states that "Payments may not be more than 30 days apart or this settlement may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon." and "[t]he settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter."

12.     At the bottom of the June Letter are "coupons" which provide Plaintiff the following three payment dates: 07/10/15; 08/09/15; and 09/08/15 to comply with the settlement offer.

13.     Defendant's June Letter instructs Plaintiff that the three month payment plan will start on 7/10/15, meaning that the first payment should have been due on 08/09/15 (one month or 30 days from when the plan started), the second payment due on 09/08/15, and the third payment due on 10/08/15. Defendant's June Letter is confusing, deceptive and misleads Plaintiff into thinking he has three months to pay when in fact the June Letter later contradictorily demands the payment in less than 3 months starting on 07/10/15, 08/09/15, and 09/08/15, a span of two months.

14.     This false deception and unfair confusion allows Defendant an opportunity to escape the agreement because the June Letter states that "[i]f we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety." To an unsophisticated consumer, the June Letter proposes multiple sets of dates for Plaintiff to comply with and complying with the wrong set of dates allows Defendant to revoke the agreement entirety.

15.     Additionally, even if the June Letter coupon schedule set of dates was followed, Plaintiff would not have three months to pay because the June Letter was mailed June 12, and the first payment due according to the "coupons" was July 10. Assuming arguendo Plaintiff received the June Letter the same day it was mailed, this deficiency in days does not allow for Plaintiff to make payments over 3 months as the June Letter promises.

16.     On or around August 28, 2015, Defendant sent Plaintiff another debt collection letter in an attempt to collect the subject debt ("August Letter"). The August Letter is attached as Exhibit B.

17.     The August Letter is a "communication" pursuant to the FDCPA 15 U.S.C. § 1692a(2).

18.    The August Letter stated "Our client FIRST PREMIER BANK is offering you a settlement of $191.85 in 3 payments over 3 months starting on 09/25/15. (emphasis added).

19.    The August Letter, similar to the June Letter, states that "Payments may not be more than 30 days apart or this settlement may be cancelled. Please send in the payments along with the payment stub to the address listed on the coupon." and "[t]he settlement offer is only guaranteed if we receive your payments in our office on or before the dates set forth in this letter."

20.    At the bottom of the August Letter, similar to the June letter, are "coupons" which provide Plaintiff the following three payment dates: 09/25/15; 10/25/15; and 11/24/15 to comply with the settlement offer.

21.    Defendant's August Letter instructs Plaintiff that the three month payment plan will start on 09/25/15, meaning that the first payment should have been due on 10/25/15 (one month or 30 days from when the plan started), the second payment due on 11/26/15, and the third payment due on 12/26/15. Defendant's August Letter is confusing, deceptive and misleads Plaintiff into thinking he has three months to pay when in fact the August Letter later contradictorily demands the payment in less than three months starting on 07/10/15, 08/09/15, and 09/08/15, a span of two months.

22.    This false deception and unfair confusion allows Defendant an opportunity to escape the agreement because the August Letter states that "[i]f we do not receive payment in these amounts by these dates, we reserve the right to modify the settlement offer, or revoke it in its entirety." To an unsophisticated consumer, the August Letter proposes multiple sets of dates for Plaintiff to comply with and complying with the wrong set of dates allows Defendant to revoke the agreement entirety.

-4-

23.     Moreover, even if Plaintiff followed the August Letter coupon schedule, Plaintiff would not have three months to pay because the August Letter was mailed August 28, and the first payment due according to the "coupons" is 09/25/15. Assuming arguendo Plaintiff received the August Letter the same day it was mailed, this deficiency in days does not allow for Plaintiff to make payments over 3 months as the August Letter promises.

**COUNT I**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. 1692 § et seq.**

24.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though stated fully herein.

25.     The foregoing acts and omissions of Defendant constitute a violation of 15 U.S.C. §§ 1692e; and 1692e(10).

26.     As a result of Defendant's violation of the FDCPA, pursuant to 15 U.S.C. § 1692k, Plaintiff is entitled to statutory damages in an amount up to $1,000.00, plus reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment for statutory damages, attorney's fees, costs and such further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable.


/s/ Robert H. Markland
Robert H. Markland, Esq.
Fla. Bar No. 117826
Robert@Dispartilaw.com
Paul R. Fowkes, Esq.
Fla. Bar No. 723886
Paul@Dispartilaw.com
Ryan C. Hasanbasic, Esq.
Fla. Bar No. 044119

-5-

Ryan@Dispartilaw.com
DISPARTI FOWKES & HASANBASIC, P.A.
2154 Duck Slough Blvd
Suite 101
Tampa, Florida 33607
(813) 221-0500
(813) 228-7077 (Facsimile)

-6-